IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-HC-2175-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JESSE ALMENDAREZ | ) | |
| | ) | |

This matter is before the court on (1) respondent's 5 April 2017 *pro se* motion for relief, (DE # 22); (2) respondent's 10 April 2017 *pro se* motion for general verdict, (DE # 26); (3) respondent's 21 April 2017 *pro se* motion for speedy trial or dismissal of all warrants or indictments, (DE # 27); and (4) respondent's 21 April 2017 *pro se* motion for special verdict, (DE # 28).

By way of background, respondent was charged in the Western District of Pennsylvania with one count each of Threatening a Federal Officer and Interstate Threat. (DE # 11, at 1.) The Western District of Pennsylvania eventually found that respondent was not competent to stand trial and ordered that he be evaluated and treated pursuant to 18 U.S.C. § 4241(d) to determine whether there was a substantial probability that in the foreseeable future he would attain the capacity to permit the trial to proceed. (DE # 2, at 2.) Respondent was subsequently admitted to FMC-Butner, which is located in this district, for evaluation. (Id.; DE # 11, at 1.) A hearing was held on 3 March 2016, pursuant to Sell v. United States, 539 U.S. 166 (2003), to determine whether to permit and to order the involuntary administration of antipsychotic medication to restore respondent's competency. See United States v. Almendarez, 179 F.Supp.3d 498, 501 (W.D. Pa. 2016). The Western District of Pennsylvania declined the government's request to

involuntary medicate respondent, and ordered that respondent's commitment to FMC-Butner continue pursuant to 18 U.S.C. § 4241. Id. at 509. On 19 July 2016, the government filed a Certificate of Mental Disease or Defect and Dangerousness with this court under 18 U.S.C. 4246(a). (DE # 1.) Following a hearing, respondent was committed to the custody and care of the Attorney General pursuant to 18 U.S.C. § 4246(d) by court order filed 31 January 2017. (DE # 13.)

Initially, respondent requests that the pending charges against him be dismissed for failure to commence trial within the requirements of the Speedy Trial Act, 18 U.S.C. 3161. (DE # 27, at 1.) The Speedy Trial Act requires that a defendant's trial begin within 70 days of the filing of an information or indictment or the defendant's first appearance. 18 U.S.C. § 3161(c)(1). There are no criminal charges pending against respondent in this district and, therefore, the Speedy Trial Act has no application in this proceeding.

In his motions, respondent also requests the appointment of an attorney and a hearing so that he can "prepare for a reentry to society." (DE # 22, at 3-4.) He repeatedly asserts that, given the fact the government's Sell motion for involuntary medication was denied, the treatment staff at FMC-Butner have committed "medical malpractice" by continuing to offer him treatment and refusing "discharge or release of prison[er] or return to place of arrest." (DE # 22, at 3-4; DE # 26, at 1-2; DE # 27, at 1.) The record indicates that respondent was committed to the custody of the Attorney General for his care and treatment pursuant to the requirements of § 4246(c) and (d). To the extent that respondent seeks reconsideration of the court's 31 January 2017 commitment order, his motions are DENIED. Furthermore, to the extent that respondent seeks a discharge hearing, his motions are DENIED. The court notes that respondent is represented by the Office of the Federal Public Defender with regard to matters connected to his

commitment and that under 18 U.S.C. § 4247(h), respondent's attorney may request a hearing to determine whether respondent should continue treatment in a psychiatric facility in the absence of a certificate from the director of the facility.

This 5 May 2017.

                                          W. Earl Britt
                                          Senior U.S. District Judge